NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YONGSHENG CUI,

No.   18-72808

　　　　　Petitioner,

Agency No. A205-178-768

　v.

WILLIAM P. BARR, Attorney General,

MEMORANDUM*

　　　　　Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2020**
Pasadena, California

Before:  GRABER and BEA, Circuit Judges, and DORSEY,*** District Judge.

Yongsheng Cui ("Petitioner"), a native and citizen of China, petitions for

review of a Board of Immigration Appeals' ("BIA") decision affirming an

immigration judge's ("IJ") denial of his application for asylum, withholding of

---

*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**　　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

***　　The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

removal, and relief under the Convention Against Torture ("CAT").

Reviewing the agency's legal conclusions de novo, *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011), and its factual findings for substantial evidence, *Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009), we deny the petition.

The IJ found that Petitioner was a credible witness, but that the harm he suffered did not rise to the level of persecution, as required for an application for asylum based on past persecution. The BIA agreed. An applicant alleging past persecution has the burden of establishing that his treatment rises to the level of persecution. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). "Persecution is an extreme concept and has been defined as the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (internal quotation marks and citations omitted).

Petitioner was arrested, detained for five days, and beaten because he protested a temporary resident permit policy. Police officers handcuffed him to a chair, beat him with books in his face and with a baton on his back, threatened to freeze him to death, and pulled his hand to force him to sign a confession. The officers encouraged other prisoners to beat Petitioner, and two separate times the other prisoners punched him in the stomach multiple times, kicked

him in the legs, and kicked him in the buttocks. After his release on bail, he had to report to the police station each week.

Petitioner suffered mistreatment more like mistreatment that we previously have found does not constitute persecution, and less like mistreatment that we have found did constitute persecution. *Compare Gu*, 454 F.3d at 1020–21 (holding that there was no persecution where there was a single incident of a half-day detention, an interrogation for two hours, and a beating that did not require medical treatment), *and Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995) (holding that there was no persecution where the petitioner was detained in a police cell for four to six hours, hit in the stomach, kicked from behind, and interrogated, but was not charged and eventually released), *with Jian Guo v. Ashcroft*, 361 F.3d 1194, 1197–98 (9th Cir. 2004) (holding that there was persecution where the petitioner was arrested and detained for fifteen days, beaten, kicked, shocked with an electrical baton, forced to do push-ups until he collapsed, forced to sign a document stating that he could no longer practice Christianity, was fired, and was unable to find other employment).

Petitioner argues that our recent decision in *Zhihui Guo v. Sessions*, 897 F.3d 1208 (9th Cir. 2018), supports his argument. There, we found persecution where the petitioner was detained for two days for practicing Christianity, beaten until he could not stand, forced to sign a statement promising to stop practicing

3

Christianity, required to report to police every week to be questioned for an hour about his activities, and threatened with arrest if he resumed practicing his religion. *Id.* at 1215–16. We explained that a "critical point" distinguishing that case and *Jian Guo* from *Gu* was that the first two cases involved "ongoing" persecution because the petitioners were stopped from practicing their religion. *Id.* at 1216. Here, while Petitioner experienced more mistreatment than the petitioners in *Gu* or *Prasad*, he experienced far less than those in *Jian Guo* or *Zhihui Guo*, and he did not suffer ongoing persecution such as being threatened by police after release or being denied the ability to practice his religion.

Finally, Petitioner argues that because he has established past persecution, he also has shown he has an objectively reasonable fear of future persecution, has met the standard for withholding of removal, and has established eligibility for relief under the CAT. Petitioner, however, has not shown that he suffered past persecution. Nor has Petitioner provided sufficient evidence to compel reversal of the agency's findings that he failed to demonstrate a clear probability of persecution or that it is more likely than not he would be tortured. Substantial evidence thus supports the agency's denial of asylum, withholding of removal, and CAT relief. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) (en banc).

Petitioner's motion to submit the case on the briefs (DN 28) is denied as moot because the court has already ordered the case submitted.

Petition DENIED.